UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DIANA ADAMS,
ACTING UNITED STATES TRUSTEE     *Memorandum and Order*

                Appellant,     06 Civ. 6039 (CLB)

- against -     Consolidated Cases:  06-6040
                                                        06-6041
DIANA M. FINLAY, et al.                            06-6042
                                                        06-6075
                Appellees.     06-6077
------------------------------------------------------------x
Brieant, J.

      In these six consolidated appeals, the United States Trustee ("Trustee") seeks to review the determination of the Bankruptcy Court (Morris, J.), set forth in a July 18, 2006, Memorandum Opinion, and ordered by the Bankruptcy Court on July 28, 2006, in each of three underlying cases.[1]  Oral argument was heard on October 31, 2006.  The Appellees, all but one of whom are *pro se,* have not responded to the appeal.  The Bankruptcy Court certified three related questions directly to the Court of Appeals for the Second Circuit, but the Trustee did not pursue the certification, seeking instead appellate review in the first instance in the District Court.

      The Trustee by motion sought the dismissal of the cases of Ms. Elmendorf, Ms. Zarnel and Ms. Finlay, each of whom were undisputedly ineligible to be debtors under the Bankruptcy Code, for their failure to comply with statutory credit counseling prior to filing for bankruptcy relief as required by amendments to the Bankruptcy Code, pursuant to the Bankruptcy Abuse

---

[1] Only three actual bankruptcy cases are involved in the appeals, but the Trustee filed an appeal in each case for both the Bankruptcy Court's Memorandum Opinion and Judgment.

1

Prevention and Consumer Protection Act of 2005 (BAPCPA).  These provisions require, *inter alia*, that individuals obtain credit counseling from an approved agency before seeking bankruptcy relief.  Section 109 of the Bankruptcy Code entitled "Who may be a debtor" provides:

> Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) [11 USCS § 111(a)] an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h)(1).

Section 301 of the Bankruptcy Code entitled "Voluntary cases" provides: "[a] voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter."  11 U.S.C. § 301.

The three Petitioners affected by the Orders appealed from were not entitled to be debtors within § 301 by reason of their failure to satisfy this statutory credit counseling condition precedent.  Debtor Lena Elmendorf filed a voluntary Chapter 7 Petition on November 29, 2005 with the aid of a retained attorney.  It was her first bankruptcy filing.  Ms. Elmendorf did not file with her Bankruptcy Petition a Credit-Counseling Certificate as required by § 521(b), nor did she seek an extension of time to file such a certificate as permitted by § 109(h)(3)(A).  On February 1, 2006, the United States Trustee filed a Motion to Dismiss with cause pursuant to the Sections cited.  A hearing on the Motion was held May 16, 2006 at which time the Bankruptcy Court

reserved decision.

Ms. Diana Finlay filed a Chapter 13 case on April 3, 2006 acting *pro se*.  The required schedules were due on April 18, 2006 but were not submitted as of the time the Bankruptcy Court acted in the matter.  Ms. Finlay also did not file a Credit Counseling Certificate but did seek an extension of time to file such a certificate.  The Court denied the request for an extension because Ms. Finlay had failed to state that she attempted to obtain the counseling within five days of her filing.  See 11 U.S.C. § 109(h)(3)(A)(ii).  This was Ms. Finlay's third bankruptcy filing in the past year.  On May 9, 2006, the Bankruptcy Judge issued an Order at the request of Ameriquest Mortgage Company to the affect that due to the prior two filings, no automatic stay came into effect upon the filing of this Petition.  On May 3, 2006, the United States Trustee filed a Motion to Dismiss.  The hearing was scheduled for May 30, 2006.  The docket sheet in the Bankruptcy Court does not confirm that such a hearing was held.  However, the decision on the Motion was rendered along with the cases of Elmendorf and Zarnel on July 18, 2006.

Mrs. Shayna A. Zarnel, also acting *pro se,* filed a Chapter 13 case on March 13, 2006.  This was her first filing.  However, her husband, Alfred R. Zarnel, had filed five bankruptcy petitions in this District since January, 2004.  Mrs. Zarnel did not file a Credit Counseling Certificate.  She did seek from the Bankruptcy Court an extension of time to do so but the request was denied because she had failed to set forth exigent circumstances in support of the extension, as required by BAPCPA.  On April 3, 2006, she did file a Credit Counseling Certificate which stated that on March 21, 2006 she received credit counseling.  The Trustee

moved to dismiss Mrs. Zarnel's Petition for literal Non-Compliance with respect to credit counseling and the Motion was heard on May 30, 2006 at which time decision was reserved.

In all three cases now on appeal by the United States Trustee, the Bankruptcy Court by a decision in writing on July 18, 2006, "struck the petitions" of the would-be debtors, concluding that striking the petition was the proper remedy for a debtor's failure to obtain counseling prior to filing the petition because: 1) no case was "commenced" by such filing, and 2) Congress didn't intend for debtor's protections under the BAPCPA to be limited in respect to a future bankruptcy filing "where the debtor's failure to comply with § 109(h) was obviously done out of ignorance of the gate-keeping requirement." *Bankruptcy Opinion at 3.* The Court noted that the vast majority of debtors who fail to obtain credit counseling before filing a petition are *pro se* petitioners, but acknowledged that in some cases, such failure combined with other circumstances revealing a larger scheme of delay or hindrance could merit some other sort of relief with prejudice. *See Id. at 3-4.*

The consolidated structure of BAPCPA is such that no rational *pro se* litigant or attorney would intentionally fail to satisfy § 109(h). Although modern courts generally act to relieve *pro se* litigants (and also careless lawyers) from inadvertent defaults or procedural failures, Congress has, by its terms, so constructed § 109(b) that it is impossible to relieve non-compliance even in the most compelling situation, where no credit counseling has been obtained or certified to have been timely sought and not obtained within five days of a request for same. This is so even where credit counseling would be an empty charade, for example, where sudden illness, loss of

employment, divorce, incarceration of the breadwinner or any number of causes not related to fiscal irresponsibility, compel a person to seek refuge in the bankruptcy court.

The draconian consequences of a dismissal could include a resultant limited applicability of the fundamental protection of the automatic stay under § 362(c), in subsequent filings, merely for an initial failure to comply properly with the credit counseling requirement.  This Court is loathe to believe that those drafting this "reform" legislation, in this nation whose westward expansion was largely facilitated by those fleeing debtor's prison, intended such a consequence.[2]

The Trustee states the issue raised on appeal as follows:  "[D]id the court below err when it ruled that Ms. Elmendorf, Ms. Finlay and Ms. Zarnel's petitions had not commenced cases, and terminated the bankruptcy proceedings by striking the pleading on its own initiative, while denying the motions to dismiss the cases?" *Appellant's Brief at 1*.

The sole issue presented is one of law, or the extent of judicial power.  Appellant does not claim an abuse of judicial discretion, and this Court perceives none.  Nor does it appear that the action complained of caused loss or injury to any creditor,[3] although the Trustee opposes

---

[2] Imprisonment for debt in New York State remained in effect until 1831.

[3] No significant events took place in any of the cases between the filing of the Petitions and the decisions striking the motions.  The docket sheets of the Bankruptcy Court show that in the Elmendorf case, the filing took place November 29, 2005.  The Motion to Dismiss was filed February 7, 2006 and the Order striking the case was issued July 18, 2006 with no intervening substantive orders or activities in the case.  The Finlay case was filed April 3, 2006.  The Motion to Dismiss was filed on May 3, 2006 and the Order striking the case was granted on July 18, 2006 with no intervening substantive orders or activities in the case.  In the Zarnel case, the

striking the cases because the nature of the relief granted could have a substantial but unspecified future impact on these debtors and their creditors. What would seem on its face to be a distinction without a difference, between "striking" and "dismissing," was perceived by Judge Morris as a necessary and proper means and response of the Bankruptcy Court to relieve from the consequences of their inadvertence or lack of understanding, citizens seeking relief from overwhelming consumer debt.

*Standing of Appellant*

At the outset, since there are no submissions in this case by the Appellees, this Court regards itself as required to address *sua sponte* the issue of appellate standing.

One would think that since the United States Trustee has unquestioned standing to move to dismiss a petition, he or she would also have standing to appeal from the denial of such a motion. However, ordinarily litigants cannot appeal an order by which they are not substantively aggrieved. Our Court of Appeals has adopted the general rule that "in order to have standing to appeal from a bankruptcy court ruling, an appellant must be a 'person aggrieved' - a person 'directly and adversely affected pecuniarily by the challenged order of the bankruptcy court." *International Trade Admin. v. Rensselaer Polytechnic Inst.*, 936 F.2d 744, 747 (2d Cir. 1991) (citations omitted).

---

voluntary Chapter 13 Petition was filed on March 13, 2006. The Order striking the case took place on July 18, 2006 with no intervening substantive orders or activities in the case.

It is difficult for this Court to perceive that the United States Trustee is aggrieved under the circumstances of these cases. No present creditor's rights were limited or affected in any way by the Orders appealed from. The Trustee argues that there may be cases in which substantive actions would be taken between the filing of the Petition and the striking out of the Petition with the intention of making it a nullity from its inception. Where the Trustee had engaged in the sale of property or some other substantive event, very likely the recourse to a motion to strike as opposed to a motion to dismiss might constitute an abuse of discretion by the Court and might or might not have an adverse effect on some interlocutory action taken by the Trustee in connection with the administration of the estate prior to the striking. This is not so in any of these three cases, and therefore consideration of the issue must await the proper case.

If the United States Trustee is not aggrieved and therefore lacks standing, our consideration of the merits partakes characteristics of an advisory opinion which determines nothing. And if this is so, these Petitioners will have to await a subsequent filing for someone to determine the effect on such subsequent filing of the orders appealed from. Having no great confidence in our conclusion that the United States Trustee lacks Standing to press this appeal, and to avoid injury to the Appellees, we consider the merits as an alternative basis to resolve this consolidated appeal.

A Bankruptcy Court's findings of fact are reviewed by this Court for clear error and conclusions of law are subject to *de novo* review. *Federal Rules of Bankruptcy Procedure ("FRBP") 8013; In re U.S. Lines, Inc.*, 318 F.3d 432, 435 (2d. Cir. 2003).

*Motions to Strike*

The United States Trustee argues that when an individual is ineligible for debt relief for failure to seek credit counseling before filing, dismissal of the case pursuant to 11 U.S.C. §707(a), and not striking the petition, is the only proper response of the Court.  The Trustee cites numerous cased in which both bankruptcy courts and district courts alike have dismissed cases where individual Petitioners were determined to be ineligible for relief for non-compliance with 11 U.S.C. §109.  That such dismissals have been ordered routinely in other cases, is not decisive of the power of the Bankruptcy Judge to take the actions she did in these cases.[4]

As earlier noted, the Bankruptcy Court concluded that under the law, a voluntary case is "commenced" only if an entity "eligible to be a debtor" files a petition with the Bankruptcy Court under 11 U.S.C. § 301, and that under 11 U.S.C. § 109(h), an individual "may not be a debtor" unless pre-petition credit counseling is obtained, or the Bankruptcy Court grants an extension.  *See Opinion at 15.*

Section 362 of the Bankruptcy Code provides the following as to automatic stays:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title [11 USCS § 301, 302, or 303], or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 [15 USCS § 78eee(a)(3)], operates as a stay, applicable to all entities, ...

---

[4] This Court notes, as did the Bankruptcy Court, that Appellant urges the Courts to treat all such petitioners identically, although their underlying factual circumstances might vary quite significantly and merit different discretionary actions by the Bankruptcy Court.

11 USCS § 362.  The Bankruptcy Court concluded that when read together, Sections 109(h), 301, and 362(a) establish that no automatic stay can exist for debtors who fail to obtain the required credit counseling or qualify for a "waiver" or extension of time to do so.  *See Opinion at 17*.
This Court agrees.

      Appellant conceded at oral argument of this appeal that the issue presented to the Court is simply one of judicial power.  Does the Bankruptcy Judge have the power to strike a bankruptcy petition where it is clear on the face of the docket that the petitioner has not satisfied a condition precedent to qualify as a debtor under the statute?  Does the Bankruptcy Court have the power to strike the pleading, thereby closing the case because a case can't proceed without an initial pleading, as opposed to merely dismissing the petition after notice and a hearing?

      Motions to Strike entire pleadings were once common in the federal courts.   They've fallen from usage, but have not been forbidden by statute or court rule.  This Court's consideration suggests that the Motion to Strike yet exists in the district court and may in a proper case be availed of by a Bankruptcy Judge to strike a pleading *sua sponte* in whole or in part.

      Motions to strike a complaint or answer are often treated by trial courts as tantamount to motions for dismissal of the action or judgment by default.  Under Rule 12(f), upon motion by a party or upon the court's own initiative at any time, the court may order stricken any pleading,

any insufficient defense or any redundant, immaterial, impertinent or scandalous matter. This practice is available to the Bankruptcy Court under Bankruptcy Rules 7012(b) and also Rule 9011, which permits striking of an unsigned paper. It is not unreasonable to conclude that the discretion and authority set forth in these Rules would extend to permit striking a whole pleading, including the petition or initial pleading itself, if circumstances so required.

As the Trustee notes in footnote #9 on page 11 of her brief, Bankruptcy Courts are units of the district courts under 28 U.S.C. § 151. This Court concludes that the District Court and its constituent, the Bankruptcy Court, retain an historic and inherent power to strike all or part of a pleading for good cause and, while it is clear that the Bankruptcy Court has *power* to issue the orders to strike petitioners' pleadings as it did in these instances, "as is true in other contexts, the technical name given to a motion challenging a pleading is of little importance, inasmuch as prejudice to the non-moving party hardly can result from treating a motion that has been inaccurately denominated a motion to strike as a motion to dismiss the complaint." Wright and Miller Federal and Practice Procedure, Civ. 3d § 1380, citing cases. *See also Lunsford v. U.S.*, 570 F.2d 221, 227 (8th Cir. 1977) (the district Court had authority to strike material from the pleadings on its own initiative); *G-I Holdings, Inc. v. Baron & Budd*, 238 F.Supp.2d 521, 554 - 555 (S.D.N.Y. 2002), ( Rule 12(f) permits a court to strike material on its own initiative at any time).

      The United States Bankruptcy Code provides:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of

> an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C.A. § 105(a).  The Bankruptcy Judge noted, and this Court agrees, that where Congress has not explicitly directed Bankruptcy Courts to a required outcome, the Court may act within its discretion, as of course instructed by, and limited by the Code.  Our Court of Appeals has upheld, in another context the Bankruptcy Court's general equitable powers as set forth in 11 U.S.C. § 105 which "must and can only be exercised within the confines of the Bankruptcy Code" *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206, (1988).  *F.D.I.C. v. Colonial Realty Co.*, 966 F.2d 57, 59 (2d Cir. 1992).

This Court does not perceive that it was *ultra vires,* on the part of the Bankruptcy Court to strike the pleadings in these cases, in which it determined that the relief requested could not be afforded.  *See e.g., Brokke v. Stauffer Chemical Co.,* 703 F.Supp. 215, 222 (D.Conn.1988) (plaintiff's claim for punitive damages was stricken because punitive damages were not available under ERISA).

Although her views may be in the minority, Judge Morris is not alone in her jurisprudence regarding these issues. *See e.g., In re: Thompson*, 344 B.R. 899, 2006 WL 1766528 (Bkrtcy.S.D.Ind. 2006) (the filing of a petition is not synonymous with the commencement of a case, and only petitions filed by those eligible to be debtors can commence a case, and if no case is commenced, there is no case to dismiss and striking is the appropriate way to conclude the matter.)

The Bankruptcy Judge is these cases acted within her judicial power. As earlier noted, this Court is not required in the circumstances of this appeal to consider whether, as to any of the three Petitioners, it was an abuse of discretion to strike the Petitions rather than dismissing them.

Failure to receive counseling in compliance with the statute is not jurisdictional, rather it goes to whether the petition states a claim upon which relief can be granted. *See Bell v. Hood*, 327 U.S. 678 (1946). However, it is by no means clear to this Court that striking a Petition as an alternative to dismissal would necessarily be regarded in a future lawsuit as having the apparent benefit to the Debtor which the Bankruptcy Judge in these cases assumes it would have, or that it would exempt the would be Petitioners from the adverse statutory consequences imposed by BAPCPA.

The appeals are dismissed for want of Standing to appeal. Alternatively, the Orders appealed from are affirmed in all respects because they are within the power of the Bankruptcy Court.

X

X

X

SO ORDERED.

Dated: White Plains, New York
      November 3, 2006

                                                                         _____
                                                                         Charles L. Brieant, U.S.D.J.